RICHARD S. ADAMS, Pltff in Error, *v.* FREDERICK MILLER *et al.*, Defts in Error.

ERROR TO JOHNSON.

The statute requiring security for costs to be given before commencing penal actions, applies to actions of that character, prosecuted before justices of the peace. If security for costs should not be given, a motion should be made to dismiss before the justice; if refused by the justice, it may be renewed in the Circuit Court; but being of a dilatory character, such an objection must be presented on the first opportunity.

This was an action commenced before a justice of the peace of Johnson county, to recover a penalty for a failure on the part of the defendants in error to discharge their duties as public millers, under the act regulating mills and millers. A judgment was rendered by the justice for a penalty of five dollars, against

the defendants below, by default. The defendants below prayed an appeal to the Circuit Court of that county.

In the Circuit Court, the defendants below appeared, and entered a motion to dismiss the suit, because the plaintiff below had failed to give security for costs, before commencing suit. The plaintiff thereupon moved for leave to file a bond *nunc pro tunc*. The Circuit Court refused the latter motion, and dismissed the suit upon the motion of the defendants. The plaintiff below prosecutes this writ of error, and assigns for error, the decision of the Circuit Court, in refusing to permit him to file security for costs *nunc pro tunc*, and in dismissing the suit.

The cause was tried by Denning, Judge.

J. JACK, for Pltff in error:

Urged that security for costs should only be given in penal actions, before the Circuit and Supreme Courts. R. S., p. 126; Allen *v*. Belcher, 3 Gil., 594. That suit could not be dismissed, unless it appeared that the plaintiff was a non-resident. That the statute under which the action was brought is *remedial* as well as *penal*. Hyde *v*. Crogan, Doug., 673; Wynne *v*. Middleton, 1 Wilson.

R. F. WINGATE, for Defts in error:

This being a penal action, the plaintiff should have filed a bond for costs, at the time of the commencement of the suit before the justice. R. S., p. 126, sec. 1; 5 Gil., 559.

The judgment having been rendered by default against the defendants in error, in the justice's court, they had a right to move to dismiss the suit on appeal in the Circuit Court. The defendants could not have waived their right to dismiss in the Circuit Court, since they did not appear before the justice, and the return on the summons before the justice, not being sufficient to give the justice jurisdiction over third persons, which return is in these words and figures: "Served on the defendants on the 9th instant."

TREAT, C. J. • Adams brought an action against Miller and others, before a justice of the peace, to recover a penalty of five

dollars, for a violation of the statute respecting mills and millers. Process was served on the defendants, and failing to appear before the justice, judgment was rendered against them for the amount of the penalty claimed and costs. The defendants prosecuted an appeal to the Circuit Court, where the suit was dismissed, on their motion, because the plaintiff omitted to give security for costs. On the principle of the case of Robertson v. The County Commissioners, 5 Gilman, 559, the plaintiff should have given security for costs before the commencement of the action. At the time of the passage of the act of the 10th of January, 1827, which is incorporated into the 26th chapter of the Revised Statutes, justices of the peace had no jurisdiction of this kind of actions. Bowers v. Green, 1 Scammon, 42. But the jurisdiction was subsequently conferred on them. R. S., ch. 71, §15. And after it was conferred, the statute requiring security for costs to be given in penal actions, applied to actions of that character prosecuted before justices. If the defendants had raised the objection before the justice, the suit should have been dismissed; but it came too late for the first time in the Circuit Court. If urged before the justice, and overruled by him, it might have been renewed in the Circuit Court. Robertson v. The County Commissioners, *supra*. The objection is of a dilatory character, and must be insisted on at the earliest opportunity. The defendants, by neglecting to make the motion before the justice, waived the right to interpose it in the Circuit Court.

The Circuit Court erred in dismissing the suit; and the judgment must be reversed, with costs, and the cause remanded for further proceedings.

*Judgment reversed.*