# Elijah Yocum

*v.*

# The Town of Waynesville.

1. BOND FOR COSTS—*motion to dismiss for want of.* Motion to dismiss a prosecution under a penal statute for want of a bond for costs, being of a dilatory character, should be made at the earliest moment before the justice; it is too late to make the motion in Circuit Court for the first time.

2. AMENDMENT—*surplusage rejected.* Where an action under a penal statute was commenced in the name of "A. L." and others, "commissioners of highways of the town of Waynesville," and should have been in the name of "The town of Waynesville," and the Circuit Court, on motion, allowed the plaintiff to amend by striking out all the superfluous words; *held,* not to be error.

3. NOTICE OF ELECTION—*township officers.* Where the name of E. Y. appears on the poll-list of persons voting at a township election, and the minutes of the meeting were publicly read to the meeting, and the name of E. Y. was read out to the meeting as having been elected overseer of highways: *held,* that E. Y. had all the notice of his election to which the law entitled him.

APPEAL from the Circuit Court of De Witt county; the Hon. John M. Scott, Judge, presiding.

Elijah Yocum, having been duly elected overseer of highways, refused to serve. This was an action to recover the statute penalty of $10 imposed for such a refusal. Judgment was rendered against him therefor, both by the justice and in the Circuit Court, and he took this appeal.

On the 4th day of April, 1865, at the annual town-meeting, Elijah Yocum was, on motion, in open meeting, elected overseer of highways. One witness stated that he did not see Yocum there at that time, and thinks he was not there then. The poll-book shows that he voted there by ballot that day. Before the close of the meeting the town-clerk read from a paper the names of persons elected, and, among others, the name of Elijah Yocum as one of the overseers of highways. A few days after this meeting the town-clerk notified Yocum, orally, that he had been so elected.

On the 1st day of June, 1865, a suit was brought against Yocum, before a justice of the peace, in favor of "Levi Cantrall, Alvis Lane and William Russum, commissioners of highways of the town of Waynesville," for "refusing to serve in the office of overseer of highways for district number four of said town of Waynesville for the year 1865." At the trial defendant's counsel moved to dismiss, because the suit should have been in the name of the town of Waynesville, and because the town-clerk did not give notice to Yocum of his election. The motion was overruled, and a judgment entered in favor of the plaintiffs for $10.

At the trial in the Circuit Court defendant's counsel moved to dismiss for want of a bond for costs. Motion overruled. He then moved to dismiss because the suit should have been brought in the name of the town of Waynesville, and the plaintiffs entered a cross motion for "leave to amend the transcript and process by striking out the individual names of the commissioners of highways." The motion to dismiss was overruled, leave to amend was granted, and the court ordered

that the suit progress in the name of the "town of Waynesville," and that the plaintiff pay the costs in the court below. Trial by the court; judgment against the defendant for $10 and costs.

Mr. William H. Herndon, for the appellant, insisted:

1. That the Circuit Court had no power or authority to allow the amendment under this penal statute.

2. That the suit should have been dismissed, as no bond for costs was filed.

3. That Yocum should have had a legal written notice, and not merely an oral notice.

Mr. Michael Donohue, for the appellee:

1. As no notice to dismiss for want of a bond for costs, the motion comes too late when made for the first time in the Circuit Court. *Adams* v. *Miller*, 12 Ill. 27; *Trustees* v. *Walters*, 12 Ill. 154.

2. Allowing the motion to amend was discretionary in the Circuit Court, and cannot be assigned for error here. *Jackson* v. *Warren*, 32 Ill. 331.

3. The court should allow an amendment when the purposes of justice may be subserved thereby, where there is any thing in the record to amend by. *Lake* v. *Morse*, 11 Ill. 589; *Shoudy* v. *School Directors*, 32 Ill. 290. This amendment was allowed upon terms as the record shows.

4. Yocum was legally notified by public proclamation in open town-meeting of his election; he also had a verbal notice from the clerk, which the law did not in such case require.

5. Too much strictness on such subjects as proceedings before justices of the peace and at town-meetings would be fatal to the system of township organization. *Briggs* v. *Murdock*, 13 Pick. (Mass.) 305; *People* v. *Cook*, 4 *Selden* (N. Y.) 67; *Welles et al.* v. *Battelle et al.*, 11 Mass. 481.

Mr. JUSTICE BREESE delivered the opinion of the Court:

An action was commenced before a justice of the peace of DeWitt county, by Alvan Lane and others, describing themselves as commissioners of highways of the town of Waynesville, against Elijah Yocum, to recover the penalty of ten dollars for his refusing to serve as overseer of highways, he having been thereto duly chosen, as alleged.

A judgment was recovered against him before the justice of the peace for ten dollars, from which he appealed to the Circuit Court. In that court the defendant entered a motion to dismiss the suit for want of a bond for costs. This motion was denied.

The Circuit Court then allowed the plaintiffs to strike out their names as plaintiffs, and also the title of their office, permitting the suit to progress in the name of "the town of Waynesville," that being the portion of the title of the suit remaining after this striking out.

The cause then proceeded to trial and a judgment for ten dollars was recovered against the defendant, to reverse which he has appealed to this court.

The appellant assigns for error the refusal of the Circuit Court to dismiss the suit for want of a bond for costs; in permitting the title of the cause to be amended in the manner stated, and because appellant was not notified of his election as overseer.

Upon the first point, it is only necessary to say, that the motion to dismiss for want of a bond for costs was of a dilatory character, and should have been made at the earliest moment before the justice of the peace. It was not then made, and if a bond was necessary it was too late to make the motion in the Circuit Court for the first time. *Adams* v. *Miller*, 12 Ill. 27; *Same* v. *Same*, 14 id. 71; *Trustees* v. *Walters*, 12 id. 154.

As to the second point, the township organization law by section two of article twelve, requires that in suits by or against a town, the town shall sue and be sued by its name, and by section ninety-six of article seventeen, suits for penalties shall

be in the name of the town to which the same is forfeited. This suit was brought in the names of certain individuals, styling themselves "commissioners of highways of the town of Waynesville." The amendment allowed by the court, preserved the suit in the proper name in which it should proceed, and all the description preceding the words, "the town of Waynesville," was properly rejected by the court as surplusage. The authority for this, is the case of *Shoudy* v. *The School Directors*, 32 Ill. 290, and *Botkin et al.* v. *Osborn, ante,* 101.

Upon the remaining point, that the appellant was not notified of his election: Section sixteen of article five provides that the supervisor, town-clerk, assessor, overseer of the poor, collector, commissioners of highways, constables and justices of the peace, shall be chosen by ballot. By section seventeen, when the election is by ballot, a poll list must be kept by the clerk of the meeting, on which is to be entered the name of each person whose vote shall be received.

By section twenty, at the close of every election by ballot, the presiding officer is required to proceed publicly to canvass the votes, and to continue it without adjournment, until it is completed; and by section twenty-two, when the canvass is completed, a statement of the result is required to be entered at length by the clerk of the meeting in the minutes of the proceedings kept by him "which shall be publicly read by him to the meeting," and such reading is deemed notice of the result of the election to every person whose name is entered on the poll list as a voter.

By section twenty-three it is made the duty of the clerk of every town-meeting, to transmit, within ten days thereafter, to each person elected to any town office, whose name shall not have been entered on the poll list as a voter, a notice of his election.

The proof shows that the name of appellant was entered on the poll list, and that he voted at that election, and the minutes of the meeting were publicly read to the meeting, and the name of appellant read out to the meeting as having been elected

overseer of highways. The appellant then had all the notice to which the law entitled him.

Section fourteen of article six provides, if any person chosen or appointed to the office of overseers of highways, or pound master, shall refuse to serve, he shall forfeit to the town ten dollars. The defendant having so refused, he became amenable to this penalty, for which the court entered judgment.

We perceive no error in the record, and must affirm the judgment.

*Judgment affirmed.*