274     APPELLATE COURTS OF ILLINOIS.

Grutza v. Original Quartz Hill Gold Mining Co., 178 Ill. App. 274.

## Frank J. Grutza, Trustee, Appellee, v. Original Quartz Hill Gold Mining Company, Appellant.

### Gen. No. 17,946.

1. COSTS—*bond by nonresident.* In an action by a nonresident, where defendant first calls attention to plaintiff's failure to file a bond for costs after plaintiff has concluded his opening statement, refusal to dismiss or continue the action if plaintiff agrees to file such bond prior to the close of the case, is not error.

2. MUNICIPAL COURT—*amendment of affidavit of claim.* Under the Municipal Court Act, §§ 46, 22, it is not error to allow the original affidavit of claim to be stricken and an amended affidavit filed *instanter* after plaintiff has made his opening statement, where the amended statement is substantially the same as the original except as to the amount sworn to be due.

3. MUNICIPAL COURT—*stipulation of facts.* Motion to strike a stipulation of facts which was entered into before the statement of claim was amended is properly denied where the amended statement is in substance the same as the original except as to the amount claimed.

4. MUNICIPAL COURT—*sufficiency of amended statement of claim.* An objection to the sufficiency of an amended statement of claim is not well founded where, except as to the amount claimed, it is substantially the same as the original statement to which defendant filed an affidavit of merits, and where it sufficiently advises defendant as to the case he is called upon to defend.

Appeal from the Municipal Court of Chicago; the Hon. HENRY C. WARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 13, 1913.

GEORGE REMUS, for appellant.

CARL STROVER, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago, rendered February 28, 1911, in favor of the plaintiff below, for the sum of $3,244.72. Plaintiff's evidence was heard before the court without a jury, at the conclusion of which the defendant

CHICAGO—FIRST DISTRICT—MARCH, 1913.    275

Grutza v. Original Quartz Hill Gold Mining Co., 178 Ill. App. 274.

elected not to introduce any evidence. Plaintiff's claim was ''for dividends declared on 621 shares of defendant's capital stock and unlawfully withheld by defendant from plaintiff, the lawful holder of said stock, together with legal interest thereon.''

The action was one of the first-class and was commenced on August 20, 1910. The affidavit, accompanying plaintiff's original statement of claim, was signed by plaintiff and sworn to before a notary public of Milwaukee county, Wisconsin, and set forth that there was due from the defendant the sum of $2,838. Although plaintiff was a non-resident of this state, he did not file a bond for costs at the time of beginning suit. On August 29th, the defendant entered its appearance and by its treasurer filed an affidavit of merits, setting forth that the nature of its defense was that ''plaintiff is not the lawful holder and owner of the stock  *  *  *  and is not entitled to the dividends on said stock.'' On November 11th, on motion of plaintiff, this affidavit was ordered stricken from the files and leave was given defendant to file an amended affidavit. On November 16th, the defendant by its attorney filed an amended affidavit stating that ''one Albert Grutza is and has been for five years the owner of a one-half interest in the 621 shares of stock,  *  *  * and there is due and owing to him the dividends on said stock for the past five years, and that the amount of said dividends  *  *  *  amounts to more than the sum of $2,838.  *  *  *  The basis on which said claim to one-half ownership in said stock is founded is a partnership interest in same.'' It is to be noticed that in this affidavit of merits the capacity in which the plaintiff sued, namely, as trustee of the estate of William J. Grutza, deceased, is not challenged. The case was called for trial on February 28, 1911—both parties appearing. After plaintiff's attorney had concluded his opening statement, defendant for the first time called the court's attention to the fact that plaintiff

276    Appellate Courts of Illinois.

Grutza v. Original Quartz Hill Gold Mining Co., 178 Ill. App. 274.

was a non-resident of the state and had not filed a bond for costs and moved that the suit be dismissed for that reason, or at least that the case be continued. The court ruled that if plaintiff would file a cost bond prior to the close of the case he would neither dismiss the suit nor grant a continuance. This plaintiff agreed to do and filed a cost bond the same day, prior to the conclusion of the case. The court did not err in so ruling. Randolph v. Emerick, 13 Ill. 345; Dunning v. Dunning, 37 Ill. 306; Baltimore & O. S. W. R. Co. v. Keck, 185 Ill. 400, 405.

Defendant's attorney then moved, inasmuch as it appeared from plaintiff's affidavit of claim that there was no certificate attached that the notary was authorized to administer oaths in Milwaukee county, Wisconsin, that said affidavit be stricken from the files. Plaintiff's attorney asked leave to file an amended statement and affidavit of claim instanter, stating that he had ascertained that the amount stated in the original affidavit to be due from defendant was less than what was in fact due. The court ruled that the original affidavit be stricken and that plaintiff be allowed to file an amended statement of claim instanter, which was done. The amended statement of claim was substantially the same as the original statement, except as to the amount sworn to be due, which was stated to be $3,105 and interest. We do not think that the court erred, as contended by counsel for defendant, in allowing the amended statement of claim, together with the affidavit of claim attached thereto, to be filed. Sections 46 and 22, Municipal Court Act.

Plaintiff's attorney then read to the court a stipulation as to certain facts, pertinent to the issues in the case, which had been signed by the attorneys of the respective parties on January 6, 1911, whereupon defendant's attorney moved that this stipulation of facts be not considered and be stricken from the files, and for the reason that it had been drawn up and

agreed to with reference to plaintiff's original statement of claim and was not now applicable to plaintiff's statement of claim as amended. Defendant's attorney also objected to the amended statement of claim as being too indefinite and insufficient upon which to base any action. The court ruled, inasmuch as the amended statement of claim was in substance the same as the original statement, except as to the amount claimed to be due from defendant, to which original statement the defendant had filed an affidavit of merits, and sufficiently advised defendant as to the case it was called upon to defend, that the objection to the sufficiency of plaintiff's statement of claim was not well founded, and that the motion of defendant that the stipulation of facts be not considered and be stricken from the files would be denied. We are unable to perceive any error in these rulings.

The material facts as disclosed from plaintiff's evidence are, briefly, as follows: The deceased William J. Grutza was a resident of Milwaukee, Wisconsin; he died testate on August 20, 1901, and letters testamentary were issued to the executor named in his will. Among the deceased's papers were found 18 unindorsed certificates of stock in defendant company, aggregating 620 shares, each certificate running to "Rev. W. Grutza" and one unindorsed certificate for one share running to Teofil Landowski. Each certificate bore the corporate seal of defendant and what purported to be the signatures of the president or vice-president and secretary of the company at the respective dates of the certificates. One witness testified that the signatures of the secretary were the genuine signatures of that official. These certificates were delivered to said executor and the stock represented by them was inventoried as a part of the deceased's personal estate. Subsequently, by decree of the Circuit Court of Milwaukee county, Wisconsin, it was ordered that the estate of said deceased be administered as a

278     APPELLATE COURTS OF ILLINOIS.

Grutza v. Original Quartz Hill Gold Mining Co., 178 Ill. App. 274.

trust estate, and plaintiff, Frank J. Grutza, was appointed and qualified as trustee, and said certificates were delivered to him and said stock became a part of said trust estate. It was shown that four separate dividends had been declared on the capital stock of the defendant, since the death of William J. Grutza, and that the proportionate amount of each dividend had been paid on said 620 shares of stock; that a dividend had been declared by defendant on October 12, 1909, of $3 per share; that another dividend had been declared on June 10, 1910, of $2 per share; that payment of these two dividends on said 620 shares had not been made to plaintiff; that plaintiff had demanded payment of defendant on said shares of the October, 1909, dividend prior to December 25, 1909, but that such payment was refused; that plaintiff had made demand of defendant for payment on said shares of the June, 1910, dividend prior to July 25, 1910, but payment was refused; that the sum due on said shares for the October, 1909, dividend amounted to $1,860, and for the June, 1910, dividend to $1,240.

When plaintiff rested his case, defendant's attorney demurred to the evidence on several grounds then stated, and moved the court to dismiss the action. The court denied the motion, and, the defendant electing not to put in any evidence, found the issues in favor of plaintiff and assessed plaintiff's damages at the sum of $3,244.72. It appears that the court allowed plaintiff the said sum of $1,860 for the unpaid dividend declared in October, 1909, and interest thereon from December 25, 1909, to the day of the trial, February 28, 1911, at the rate of 5% per annum, and the said sum of $1,240 for the unpaid dividend declared in June, 1910, together with interest thereon at the same rate from July 25, 1910, to the day of the trial. Judgment was entered on the finding.

Counsel for defendant here contends that the finding and judgment are against the law and the evidence. We have carefully considered the evidence and the

various points made by counsel in support of his contention, and, without further discussion, we deem it sufficient to say that in our opinion the finding and judgment are fully sustained by the evidence and by the law. The judgment is accordingly affirmed.

*Affirmed.*