COBB, Judge.
The issue presented by this appeal is the validity of the trial court’s action in dismissing with prejudice the appellant’s complaint on the basis that it was not filed with the court in a timely manner and was thus barred.
On July 16, 1992, a default order was entered by the clerk in the action by Smith ■ against Rheaume for failure to serve or file any papers. On July 23,1992, Rheaume filed a letter with the trial judge which the latter apparently treated as a “pro se pleading” and as a motion to set aside the default. The trial judge set aside the order of default, and also dismissed the action with prejudice based on the statute of limitations. Subsequent to this, Smith filed a motion to set aside the order of dismissal and offered proof that the complaint was timely filed. This motion was denied and Smith has appealed the dismissal of his action.
We believe the action of the trial court was improper. An allegation that the statute of limitations has expired is an affirmative defense which may be raised or waived by a party defendant, but not by the trial court. Fla.R.Civ.P. 1.110(d). We do not believe that the letter written by Rhe-aume can be properly construed as raising the affirmative defense of the statute of limitations. As reflected therein, the basis for Rheaume’s request that the “charges” against her be dismissed is her contention that the lawsuit is frivolous, not that the statute of limitations has expired. Moreover, no pleadings can be filed by a party in default. Fla.R.Civ.P. 1.500(c).[1]
Although Smith has not directly raised the issue via this appeal, we note that Rheaume’s letter, filed subsequent to the clerk’s default, sets forth no grounds for setting aside that default. See Tieche v. Florida Physicians Insurance Reciprocal, 431 So.2d 287, 288 (Fla. 5th DCA 1983) and Florida Rule of Civil Procedure 1.500(d). Any contention that the filing of two motions for entry of default, one with the clerk and one with the court, will permit the undisput-edly valid clerk’s default to simply be ignored by the trial court absent any grounds to do so is unsupported by law. If the default is valid, then, of course, the dismissal of the complaint was error.
Rheaume is not precluded, as a matter of law, from filing an appropriate motion to set aside the order of default pursuant to Florida Rule of Civil Procedure 1.500(d). See Tieche v. Florida Physicians Insurance (grounds supporting a motion to set aside default under Rule 1.500(d) are similar in nature to grounds for relief under Rule 1.540(b)). At this time, however, she has not done so. Therefore, the trial court, upon remand, should consider this case at issue, pursuant to Florida Rule of Civil Procedure *627 1.440, since Smith at this time has not challenged the trial court’s unauthorized vacation of the clerk’s default and the concomitant acceptance and filing of Rheaume’s answer.
Accordingly, we reverse the trial court’s dismissal of Smith’s complaint and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DAUKSCH and W. SHARP, JJ., concur.

. In view of our disposition that the statute of limitations defense has not properly been raised, we need not address Smith's contention that, as a prisoner, his complaint was timely filed under the mailbox rule when given to prison officials.