No. 96-708

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

PEGGY ESTABROOK and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY as
Subrogee of PEGGY ESTABROOK,

Plaintiffs and Appellants,

v.

SHAWN BADEN, AMY CLARK and
HAROLD SMITH,

Defendants and Respondents.

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Tracy Morin; Axelberg & Kalkstein, Missoula, Montana

No appearance was made by Respondents.

Submitted on Briefs: August 28, 1997

Decided: September 11, 1997
Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), as subrogee of Peggy Estabrook, appeals from the order of the Second Judicial District Court dismissing its amended complaint with prejudice. We reverse.

## Issue Presented

May a court, sua sponte, raise the affirmative defense of the statute of limitations and dismiss a complaint on that basis?

## Background

State Farm, as subrogee of Peggy Estabrook, filed an amended complaint alleging that on September 23, 1992, defendant Shawn Baden negligently operated a vehicle owned by defendants Amy Clark and Harold Smith, thereby colliding with and damaging Estabrookþs vehicle. It is alleged that Amy Clark and Harold Smith negligently entrusted the vehicle to Shawn Baden and that Clark and Smith were negligent in not having liability insurance as required by 61-6-301, MCA.

State Farm sought and obtained a default judgment against Shawn Baden for $3,920.83. State Farm then sought a default judgment against defendant Amy Clark for damages in the amount of $2,715.62 plus an attorney's fee of one-third, $1,066.21.

The District Court, noting that it is the practice in the Second Judicial District to limit attorney's fees to twenty percent in default judgment cases, determined that State Farm's request for a fee of one-third "triggered the court to a full review of the file."

In an October 18, 1996 letter to State Farm's counsel, the court questioned the propriety of requesting a one-third fee and also indicated that the claim was barred by the two-year statute of limitations for property damage claims. The court stated: "Before I set aside the Judgment I have already entered [against Baden], I would appreciate your response to this matter." In his responsive letter to the court, counsel for State Farm argued that in light of this Court's decision in Ritland v. Rowe (1993), 260 Mont. 453, 861 P.2d 175, the three-year statute of limitations for tort claims, 27-2-204, MCA, controlled over the two-year limitation period for property damage claims, 27-2-207, MCA.

On November 18, 1996, the District Court issued its order and memorandum (1) denying the motion for default against Amy Clark; (2) setting aside the default judgment against Shawn Baden; and (3) dismissing, with prejudice, State Farm's amended complaint. State Farm has appealed from that order contending that the court had no authority to raise, sua sponte, the Rule 8(c), M.R.Civ.P., affirmative defense of the statute of limitations and that the District Court applied the incorrect statute of limitations.

## Discussion

This appeal presents the issue of whether a district court may, on its own motion, raise the statute of limitations as a bar to a claim despite the fact that the

defendant is in default for failing to file an appearance and has not raised the statute of limitations as an affirmative defense as required under Rule 8(c), M.R.Civ.P.

Rule 8(c), M.R.Civ.P., provides as follows:

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

The statute of limitations is one of the affirmative defenses set forth in Rule 8(c), M.R.Civ.P. It must be affirmatively pled in the defendant's answer, or it is waived as a defense. Bennett v. Dow Chemical Co. (1986), 220 Mont. 117, 713 P.2d 992. In Bennett, defendant Rancher's Agra Services, Inc. asked this Court to direct the district court to grant its motion for summary judgment, arguing that the same statute of limitations that applied to the other defendants applied to Rancher's as well. In rejecting Rancher's argument, we stated:

We will now consider the request of Rancher's Agra Services, Inc., for this Court to order the District Court to enter summary judgment by reason of the running of the statute of limitations in its favor. Rule 8(c), M.R.Civ.P., provides that a defense of the running of the statute of limitations is an affirmative defense and can only be raised by answer. Taylor v. Dept. of Fish, Wildlife & Parks (Mont. 1983), [205 Mont. 85, 96,] 666 P.2d 1228, 1233 . . . . Rancher's has never filed an answer nor provided this Court with any reason for this failure. We can perceive no reason to excuse it from filing an answer. The request is denied.

Bennett, 713 P.2d at 995-96 (emphasis added).

Thus, despite the fact that other co-defendants had received the benefit of the statute of limitations defense, we denied Rancher's request to apply the statute because Rancher's had not affirmatively pled the defense as required by Rule 8(c). Having held that the Rule 8(c) waiver cannot be overcome by motion of the party, we must likewise conclude that the waiver cannot be suspended, sua sponte, by the court when the affected party has not only failed to file a motion but is in default for failure to appear at all.

In addressing this issue, other jurisdictions have also concluded that the affirmative pleading requirement of Rule 8(c) is not waived upon the intercession of the district court

on behalf of a defendant and the district court cannot waive the requirement for the defendant or raise the affirmative defense for the defendant. In Smith v. Rheaume (Fla. Dist. Ct. App. 1993), 623 So.2d 625, the defendant wrote a letter to the trial judge requesting that charges against her be dismissed as frivolous. The district court, sua sponte, raised the issue of the statute of limitations and dismissed the suit. On appeal, the court, in interpreting a rule identical to our Rule 8(c), M.R.Civ.P., held that the statute of limitations was an affirmative defense which could be waived or raised by the defendant but not by the trial court. Thus, the trial courtþs dismissal was reversed. Smith, 623 So.2d at 627. Similarly, the Court of Appeals for the District of Columbia held the statute of limitations is an affirmative defense which must be set forth in a responsive pleading and which may be waived if not promptly pleaded. Thus it follows that if a defendant fails to assert the limitations defense, the court should not raise it sua sponte. Feldman v. Gogos (D.C. Ct. App. 1993), 628 A.2d 103, 105 (citing Davis v. Bryan (2nd Cir. 1987), 810 F.2d 42, 44). It is error for a trial court to sua sponte dismiss claims based upon the statute of limitations where the defendant fails to file an answer raising these affirmative defenses or otherwise respond to the pleading. Adams v. Inman (Mo. Ct. App. 1994), 892 S.W.2d 651, 653. But see Exeter Hospital v. Hall (N.H. 1993), 629 A.2d 88, 90, where the court held that it was unfair for the trial court, after raising the defense of statute of limitations sua sponte, to dismiss the hospitalþs claim on a debt without allowing the hospital to present evidence to rebut the defense.

We conclude that under Rule 8(c), M.R.Civ.P., a þpartyþ must raise the affirmative defense of the statute of limitations. If the party fails to appear or, having appeared, fails to raise the statute as a defense, the defense is waived and may not thereafter be raised by the court, sua sponte, on the partyþs behalf. Accordingly, the District Courtþs order and memorandum of November 19, 1996 is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Since we have concluded that the court erred in raising the statute of limitations defense, we need not determine whether the court applied the correct period of limitations. Reversed and remanded.

/S/  W. WILLIAM LEAPHART

We concur:

/S/  J. A. TURNAGE

/S/  JAMES C. NELSON

/S/  JIM REGNIER

/S/  TERRY N. TRIEWEILER

96-703