**WOLVERINE MUTUAL INSURANCE COMPANY, Appellant–Plaintiff,**

**v.**

**Jeremy P. OLIVER, Appellee– Defendant.**

No. 20A03–1003–SC–162.

Court of Appeals of Indiana.

Sept. 9, 2010.

Timothy E. Stucky, Bradley J. Buchheit, Blume, Connelly, Jordan, Stucky & Lauer, Fort Wayne, IN, Attorneys for Appellant.

## OPINION

FRIEDLANDER, Judge.

Wolverine Mutual Insurance Company (Wolverine) appeals a small-claims judgment in favor of Jeremy Oliver in an action against Oliver arising from an uninsured motor vehicle accident. Wolverine presents the following restated issue for review: Did the small-claims court err in deciding the case based upon the statute of limitations when that affirmative defense had not been raised or argued by Oliver?

We affirm.

The underlying facts are that on August 17, 2007, Oliver negligently drove his vehicle and collided with a vehicle being driven by Evelyn Taller, Wolverine's insured. At the scene, Oliver conceded that the accident was "all my fault." *Appellant's Appendix* at 22. Oliver was uninsured. Taller's vehicle sustained damage, resulting in a $5636.97 claim against her policy with Wolverine, which Wolverine paid. On August 27, 2009, Wolverine, as Taller's subrogee, filed the instant small-claims action against Oliver to recover the amount it

paid to Taller as a result of Oliver's negligence.

Oliver did not file a responsive pleading, but he appeared at the January 15, 2010 trial. Wolverine called as a witness the police officer who responded to the scene of the accident and filled out an accident report. Wolverine also introduced into evidence the accident report. Oliver did not present any evidence in defense. Therefore, at the conclusion of evidence, the trial court stated, "All right, well the issue of liability is clear here." *Id.* at 13. After concluding a brief discussion with Oliver on the issue of whether his wife's policy would have covered this accident, the court and Wolverine's counsel engaged in the following colloquy:

THE COURT: ... When was this case filed? Let's look, '09, '08. When did it happen?

MR. OLIVER: It says here August 15th of 2007.

THE COURT: Do you have a statute of limitations problem here?

MR. LEBEAU (Wolverine's counsel): Your Honor, I'm looking at my notice of claim, which shows August 27th, 2009. The only thing I can think is perhaps there were ongoing negotiations, I don't know the answer to your question off the top of my head.

THE COURT: Well, in all fairness that should have been something the Defendant raised, but it is a small claim and file marked August 27th, occurred August 15th. So, I'm going to take it under advisement and I think you better submit some authority as to why the statute of limitations doesn't apply.

MR. LEBEAU: Yes, Your Honor.

*Id.* at 15. Wolverine submitted a "Memorandum Re Statute of Limitations" on February 10, 2010. *Id.* at 39. On February 23, 2010, the small-claims court entered an order denying Wolverine's claim,

ruling that it was time-barred by the applicable statute of limitations. On March 3, Wolverine submitted a motion to correct error, arguing that the small-claims court erred in denying its claim on the basis of the statute of limitations because Oliver had waived the affirmative defense by failing to raise or litigate it. The small-claims court denied the motion to correct error and this appeal ensued.

 This case was tried before the bench in small-claims court. In such cases, we review for clear error. *McKeighen v. Daviess County Fair Bd.,* 918 N.E.2d 717 (Ind.Ct.App.2009). Although we are particularly deferential to the trial court in small-claims actions with respect to factual determinations and conclusions flowing from those facts, we owe no deference to a small-claims court's legal conclusions regarding questions of law, which we review de novo. *Olympus Props., LLC v. Plotzker,* 888 N.E.2d 334 (Ind.Ct.App.2008).

 We note that Oliver did not file an appellee's brief. When an appellee fails to submit a brief, we apply a less stringent standard of review with respect to the showing necessary to establish reversible error. *Zoller v. Zoller,* 858 N.E.2d 124 (Ind.Ct.App.2006). In such cases, we may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it. *Id.* Moreover, we will not undertake the burden of developing legal arguments on the appellee's behalf. *Id.*

 Wolverine contends the small-claims court erred in deciding this case in Oliver's favor because Oliver waived the statute of limitations as a defense by not arguing it at trial. A statute of limitations is an affirmative defense that generally must be both pleaded and proven by the party asserting it. *Martin Oil Mktg. Ltd.*

*v. Katzioris,* 908 N.E.2d 1183 (Ind.Ct.App. 2009). We have held, however, that defendants in a small-claims action need not plead the statute of limitations as an affirmative defense because Ind. Small Claims Rule 4(A) provides that "[a]ll defenses shall be deemed at issue without responsive pleadings[.]" The rule explicitly provides, however, that this "shall not alter the burden of proof." *See Lechner v. Reutepohler,* 545 N.E.2d 1144 (Ind.Ct.App. 1989).

In *Lechner,* this court determined that a small-claims defendant must litigate the issue of the statute of limitations at trial in order to preserve it for appeal. The failure to do so results in waiver of the issue. *Id.* Wolverine contends that pursuant to *Lechner,* Oliver waived the issue by failing to litigate it. Wolverine concludes, "[b]ecause the burden to litigate the statute of limitations defense was on Oliver, the trial court erred in taking it upon itself to raise the defense on Oliver's behalf." *Appellant's Brief* at 4. The court in *Lechner,* however, addressed a different question than is presented here. There, the defendants argued the statute of limitations for the first time in a motion to correct error; it was not raised or argued at trial. This case is superficially similar to *Lechner* in that Oliver, like the defendant in *Lechner,* did not attempt to present the issue at trial. In the instant case, however, the issue was raised at trial, albeit by the court. The question thus presented is not whether the issue was waived because Oliver did not present it at trial. Instead, it is whether a small-claims court may decide a case based upon the statute of limitations where the defendant failed to raise or mention it at trial, but the matter was discussed during trial.

We can find no Indiana case that addresses the question. The weight of authority in other jurisdictions that have addressed this or a similar issue seems to be that trial courts may not sua sponte inject the defense of the statute of limitations where the defendant has not pleaded or argued it. *See Martino v. Scalzo,* 113 Conn.App. 240, 966 A.2d 339 (2009), *certification denied; Feldman v. Gogos,* 628 A.2d 103 (D.C.1993); *Lease Partners Corp. v. R & J Pharmacies Inc.,* 329 Ill.App.3d 69, 263 Ill.Dec. 294, 768 N.E.2d 54 (2002), *appeal denied; Adams v. Inman,* 892 S.W.2d 651 (Mo.Ct.App.1994), *trans. denied, cert. denied; Estabrook v. Baden,* 284 Mont. 419, 943 P.2d 1334 (1997); *Buckeye Ret. Co., L.L.C., Ltd., v. Lee,* 41 A.D.3d 183, 837 N.Y.S.2d 641 (2007); *Reddell v. Johnson,* 942 P.2d 200 (Okla.1997); *but see DaimlerChrysler Servs. North America, LLC v. Ouimette,* 175 Vt. 316, 830 A.2d 38 (2003) (the trial court did not abuse its discretion in raising sua sponte the statute-of-limitations defense for a pro se defendant in order to bar the entry of default judgment in favor of the plaintiff). We conclude, however, that the relaxed rules in the small-claims setting in Indiana, coupled with the provision in S.C.R. 4(A) that places the statute of limitations at issue without the need for the defendant to raise it, counsel in favor of the opposite result.

We note first that the *Lechner* panel explicitly reserved judgment on the question of how active a small-claims court may be in addressing the statute-of-limitations defense where it is not presented by the defendant ("the parties were represented by counsel yet failed to litigate the statute of limitations defense. We do not decide ... whether ... it is incumbent upon a small claims judge ... to develop and determine the statute of limitations issue on behalf of [pro se] litigants"; *Lechner v. Reutepohler,* 545 N.E.2d at 1148). Thus, it cannot be viewed as authority for the principle that Wolverine advocates. As noted above, pursuant to S.C.R. 4(A), the stat-

ute-of-limitations defense is automatically raised in a small-claims trial. Therefore, it was properly before the small-claims court in the instant case. Although Oliver did not mention the issue at trial, the court did. In this way, the facts of the instant case differ significantly from those in *Lechner*, where the defense was not mentioned until the defendant attempted to raise it after trial via a motion to correct error. By then, the *Lechner* panel properly determined it was too late. It seems clear that the primary rationale implicitly underpinning the holding in *Lechner* is that the failure to inject the issue at trial fatally compromised the plaintiff's ability to defend against it at a later time. Such would not be an issue in the instant case.

The statute-of-limitations defense was broached by the court because it noted from the materials properly before it that Wolverine's Notice of Claim had been filed more than two years after the date of the accident, i.e., after the two-year statute of limitations had expired. The court brought this to the attention of Wolverine's attorney and asked if there was a problem with the statute of limitations. Thus, Wolverine had a full opportunity to address the merits of the defense as applied in this case. Moreover, we note that the court also solicited a post-trial brief from Wolverine on the topic, indicating it would not make a decision until Wolverine had an opportunity to explain at greater length why the application of the statute of limitations did not defeat its claim. Wolverine did, in fact, submit such a brief.

Considered all in all, Wolverine had ample opportunity to litigate the statute-of-limitations issue, thus satisfying the primary concern in *Lechner*. We do not intend to go as far as the *Lechner* panel speculated this issue might be taken, i.e., to say that it is *"incumbent"* upon a small-claims court "to develop" the statute of limitations issue on behalf of pro se litigants. *Lechner v. Reutepohler*, 545 N.E.2d at 1148 (emphasis supplied). At the same time, we can see no meaningful rationale that would justify forbidding a small-claims court from sua sponte soliciting argument on an affirmative defense that is explicitly "deemed at issue" by S.C.R. 4(A), especially where a potential problem is indicated by facts known to the court through the evidence properly before it. This view is consistent with the purposefully informal nature of a small-claims proceeding, whose "sole objective [is] dispensing speedy justice between the parties according to the rules of substantive law," and in which the small-claims court "shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence[.]" S.C.R. 8(A).

In summary, the small-claims court did not err in, unprompted by Oliver, questioning Wolverine about the applicability of the statute of limitations on the facts of this case, and in deciding the case on this basis.

Judgment affirmed.

BARNES, J., and CRONE, J., concur.