**FILED**

Feb 20 2020, 8:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Frank J. Agostino
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Pfledderer and Walking With Jesus Ministries, | February 20, 2020 |
| *Appellants-Defendants,* | Court of Appeals Case No. 19A-SC-1723 |
| v. | Appeal from the St. Joseph Superior Court |
| DeParris Pratt, | The Honorable Elizabeth A. Hardtke, Magistrate |
| *Appellee-Plaintiff* | Trial Court Cause No. 71D06-1904-SC-5105 |

**Baker, Judge.**

[1] Jason Pfledderer and Walking with Jesus Ministries, Inc. (the Ministry), appeal the trial court's order granting judgment in favor of DeParris Pratt on Pratt's complaint for wrongful ejectment after the Ministry barred Pratt from continuing to reside at a Ministry-operated residence. Finding that the Ministry falls under an exception to the landlord-tenant statutes, we reverse and remand with instructions to enter judgment in favor of Pfledderer and the Ministry.

## Facts

[2] Pfledderer founded the Ministry, which is organized as a not-for-profit corporation registered as a 501(c)(3) tax exempt entity. The purpose of the Ministry is to offer people who have been convicted of a felony assistance to reintegrate into society after being released from incarceration. Participants must apply for acceptance into the program and meet certain ongoing requirements, including attending church services, attending meetings that reflect on scripture, and seeking full-time employment. Participants must pay a program fee of $100 per week and, in exchange, receive shelter, support, and job training. The Ministry owns multiple real properties.

[3] Pratt entered the Ministry program on March 21, 2019, after he was released from incarceration. Pratt moved into a room in a house owned by the Ministry. He did not sign a lease or any other written agreement. Pratt stayed at the property for approximately four weeks, during which time he performed approximately thirty hours of work for Pfledderer, including painting, yard work, cleaning, moving furniture, and scrapping metal. Pratt maintained time

sheets documenting his work hours and did not receive any monetary compensation for his work.[1] During Pratt's time in the program, he did not pay any money towards the weekly fee of $100.

[4] On April 19, 2019, Pfledderer changed the locks on the property, barring Pratt from entering the building or reclaiming his personal items. On April 22, 2019, the property manager informed Pratt that Pfledderer wanted him to leave the program and the property because he had violated program rules by smoking inside and around the premises, failing to obtain full-time employment, and failing to pay the weekly program fee. The Ministry did not file an application with a court for immediate possession or ejectment before taking these actions.

[5] On April 23, 2019, Pratt filed a notice of claim and motion for emergency possession of real property in small claims court, seeking damages based on lost personal property and all other available relief. On May 3, 2019, the trial court held a hearing. Pfledderer brought with him several bags of Pratt's personal items. On May 9, 2019, Pratt, by counsel, filed an amended complaint against Pfledderer and the Ministry for emergency possession, conversion/replevin, and breach of contract. At the May 29, 2019, bench trial, Pratt appeared pro se and Pfledderer and the Ministry appeared by counsel.

[6] On June 26, 2019, the trial court entered judgment in favor of Pratt. It found that the Ministry and Pratt were in a landlord-tenant relationship on a week-to-

---

[1] Pfledderer stated that Pratt's hours of work amounted to job training.

week basis. The trial court acknowledged the statutory exception to the landlord-tenant rules for religious organizations but found that Pfledderer had failed to prove that the exception applied:

> Pfledderer owns said property through his corporation, [the Ministry]. Pfledderer is a common fixture in the St. Joseph County Small Claims courthouse. As such, the Court notes that Pfledderer holds many residential properties either through his LLC or personally and commonly seeks an order for ejectment in said court. The Court also takes note [of Pratt's] Exhibit 2[,] a record of Pfledderer's other properties and cause numbers. The Court fails to distinguish the current property in this case from the other properties he owns in the cases listed in [Pratt's] Exhibit 2 or the cases [in which] he has previously appeared before the court.

> Therefore, the Court finds Pfledderer was subject to [the] Landlord Tenant Act and should have sought ejectment pursuant to IC 31-30-2 et seq. and Pratt was wrongfully ejected from said property.

Appealed Order p. 7. The trial court found that the bulk of Pratt's personal property had been returned to him and found no evidence to support Pratt's claims of other specific items he alleged were missing, so it found no damages with respect to the personal property. But the trial court credited Pratt's testimony that he had to spend $35 per day for ten days to stay in a hotel after he was barred from the Ministry's property. Therefore, the trial court ordered the Ministry to pay damages to Pratt in the amount of $350. The Ministry now appeals.

## Discussion and Decision

[7] Small claims actions involve informal trials with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. *Lae v. Householder*, 789 N.E.2d 481, 483 (Ind. 2003). We will reverse only upon clear error, will neither reweigh the evidence nor assess witness credibility, and will consider only the evidence most favorable to the judgment. *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 748 (Ind. Ct. App. 2010). As always, however, we apply a de novo standard of review to matters of statutory interpretation. *Eppl v. DiGiacomo*, 946 N.E.2d 646, 649 (Ind. Ct. App. 2011).

[8] Here, we also note that Pratt has not filed an appellee's brief. We will not undertake the burden of developing arguments on his behalf and will reverse if the Ministry establishes prima facie error, meaning error at first sight, on first appearance, or on the face of it. *Wolverine Mut. Ins. Co. v. Oliver*, 933 N.E.2d 568, 570 (Ind. Ct. App. 2010).

[9] Here, even if we accept for argument's sake that the trial court correctly concluded that the arrangement between the Ministry and Pratt bore the hallmarks of a landlord-tenant relationship, we must consider the relevant statutory exception to the Landlord Tenant Act. Specifically, the legislature has decreed that there are a number of arrangements that do not fall under the residential landlord-tenant statutes, including "[r]esidence at a rental unit owned or operated by an institution that is directly related to . . . the provision

of . . . education, counseling, religious service, . . . or a similar service." Ind. Code § 32-31-2.9-4(1).[2]

[10] It is apparent that, by creating explicit exceptions to the landlord-tenant statutes, the General Assembly intended to encourage organizations such as the Ministry to provide precisely the type of services it offers. Freeing such organizations from the strictures of the Landlord-Tenant Act will allow them to continue to help people who desperately need it—for example, people who are attempting the monumental task of reintegrating into society following incarceration. We infer that the legislature determined that encouraging such services is in the best interest of the individuals who need the help as well as society at large.

[11] It is undisputed that the residence at issue in this case is owned or operated by the Ministry, which is an institution that is directly related to the provision of education, counseling, religious services, and similar services such as job training and housing. The trial court found that because Pfledderer and/or the Ministry own multiple rental properties and have proceeded, in those cases, as though they are in landlord-tenant relationships with the person they seek to evict, it must mean that here, there is likewise a landlord-tenant relationship. We do not find this analysis compelling. We do not know the facts of any of

---

[2] The exception applies "unless the arrangement was created to avoid application of the residential landlord-tenant statutes[.]" I.C. § 32-31-2.9-4. There is no evidence in this case suggesting that the arrangement between the Ministry and Pratt was created to avoid application of these statutes.

those cases, including whether there was a written lease or agreement at issue, whether the Ministry was providing a similar service to the individuals in each case, or whether Pfledderer, who is sometimes named in his individual capacity, owns and operates properties separate and apart from the Ministry.

[12] All that we know are the facts of *this* case. Here, the relationship between the Ministry and Pratt falls squarely under the exception to the landlord-tenant statutes. Therefore, the trial court erred by entering judgment in favor of Pratt and ordering the Ministry to pay damages.

[13] The judgment of the trial court is reversed and remanded with instructions to enter judgment in favor of Pfledderer and the Ministry.

Riley, J., and Brown, J., concur.