L. CHARLES WRIGHT, Retired Appellate Judge.
Elaine Lile filed a complaint against Don and Yvonne Rikard for breach of a lease agreement. The Rikards denied the allegations of the complaint. They filed a counterclaim, seeking the refund of their security deposit. Following a hearing on the complaint, the trial court found in favor of Lile. It assessed damages in the amount of $9,800.77. The Rikards filed a post-judgment motion, which was denied. The Rikards appeal.
*414 In July 1988 Lile leased her father’s residence to the Rikards. The lease agreement was signed by Don Rikard and Elaine Lile, signing for her father. Yvonne Rikard did not sign the agreement. The parties stipulated at trial that Lile was acting as an agent for her father.
The Rikards occupied the residence for approximately four years. An exit inspection was performed in August 1991. The inspection revealed that the residence had been heavily damaged. Lile testified that she spent $10,350.77 to repair the damage caused by the Rikards. The Rikards did not testify at trial. They chose not to present any evidence in their defense.
Initially, the Rikards assert that the trial court erred in awarding a judgment to Lile. They insist that she was without capacity to bring the action because the evidence was undisputed that she was not the owner of the property.
Rule 9(a), Alabama Rules of Civil Procedure, provides in pertinent part, the following:
“When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.”
The lack of capacity to sue is an affirmative defense which must be specifically pled. Failure to timely raise the defense generally constitutes waiver. Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979); Gardendale Subaru Motors, Inc. v. Fields, 345 So.2d 1357 (Ala.Civ.App. 1976). The Rikards raised this issue for the first time in their posttrial motion. Consequently, it came much too late to be considered by the trial court and too late to be raised on appeal.
The Rikards assert that the trial court erred in allowing Lile to reopen her case after both parties had rested, for the purpose of presenting evidence as to damages.
The decision to reopen a case lies within the discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38 (Ala.1990). In our review of the record, we find no abuse of discretion.
The Rikards contend that the trial court erred in allowjng Lile to introduce exhibits which were not timely filed in accordance with the pretrial order.
The Rikards raised this issue prior to trial. The trial court questioned the Ri-kards as to whether they envisioned any prejudicial effect from the admission of the exhibits. The Rikards replied in the negative. There being no prejudicial effect, we find no error. Johnson v. Langley, 495 So.2d 1061 (Ala.1986).
The Rikards assert that the trial court erred in its assessment of damages. They insist that Lile failed to sufficiently prove the reasonableness and the necessity of the alleged damages.
Lile testified as to all the damages sustained and the amount it cost to repair the damages. The Rikards did not rebut her testimony.
When a trial court hears evidence on damages, its assessment of damages will not be reversed on appeal if the award is supported by credible evidence. Chestnut v. Laramore, 560 So.2d 1070 (Ala.Civ.App.1990). The evidence supports the trial court’s award. We find no error.
The Rikards finally assert that the trial court erred in refusing to dismiss Yvonne Rikard from the action. They insist that she was not a proper party defendant because she did not sign the lease.
The Rikards cite no authority for their assertion. We, therefore, decline to address it. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty sta *415 tus as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.