**Rel: 09/19/2014**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130659

_____

### CAG MLG, L.L.C.

v.

### Bart Smelley and Smelley Family Investments, L.L.C.

### Appeal from Tuscaloosa Circuit Court
### (CV-13-900565)

PARKER, Justice.

CAG MLG, L.L.C. ("CAG"), appeals the Tuscaloosa Circuit Court's dismissal of its action against Bart Smelley and Smelley Family Investments, L.L.C. (hereinafter collectively referred to as "Smelley"). We reverse and remand.

## Facts and Procedural History

On May 10, 2013, CAG sued Smelley, alleging six counts of misrepresentation and/or fraud and a single count of unjust enrichment. On June 18, 2013, Smelley filed a motion to dismiss. In the motion to dismiss, Smelley alleged that CAG was a foreign limited-liability company formed and organized in the State of Florida in 2010 and that it was "not registered or qualified to do business in the State of Alabama." Smelley also alleged that CAG had domesticated in Wyoming as Oceans, LLC, in March 2011 and that CAG was subsequently dissolved as a Florida entity in April 2011. Smelley argued that CAG "failed to state the jurisdictional element establishing its ability to maintain an action in its initial pleading." Accordingly, Smelley argued, the circuit court lacked "subject matter jurisdiction and/or personal jurisdiction over the matters contained in the [c]omplaint." Additionally, Smelley argued that "[t]his lack of standing requires immediate dismissal of this action until [CAG] can demonstrate the legal capacity to pursue the same." In support of the motion to dismiss, Smelley attached a printout from the Alabama Secretary of State's Web site showing that

1130659

CAG is not listed as being registered with the State of Alabama and a printout from the Wyoming Secretary of State's Web site indicating that CAG was organized in Florida in 2010 and had domesticated in Wyoming as Oceans, LLC, in 2011.

On July 24, 2013, CAG amended its complaint to add an eighth count requesting that the circuit court issue an injunction preventing Smelley from selling a piece of real property. On August 16, 2013, Smelley amended the motion to dismiss to include the additional claim. On August 19, 2013, CAG filed a motion to strike the paragraphs of Smelley's motion to dismiss that alleged that CAG was a foreign entity that was not registered to transact business in Alabama and the exhibits attached in support thereof.

Also on August 19, 2013, the circuit court held a hearing on the motions. On the following day, the circuit court issued an order granting CAG's motion to strike the objected-to paragraphs of Smelley's motion to dismiss and the supporting exhibits, dismissing the request for an injunction as moot, and instructing the parties to file briefs regarding the remainder of Smelley's motion to dismiss, which included

3

1130659

an allegation that CAG could not maintain an action in Alabama because it was not registered to transact business in Alabama.

On August 26, 2013, Smelley filed a brief in support of the motion to dismiss and argued that CAG's complaint was due to be dismissed pursuant to former §§ 10A-2-15.01 and 10A-2-15.02, Ala. Code 1975.[1] Former § 10A-2-15.01 stated, in relevant part:

> "(a) A foreign corporation may not transact business in this state until it registers with the Secretary of State as required under Section 10A-1-7.01."

Former § 10A-2-15.02 stated, in relevant part:

> "(a) A foreign corporation transacting business in this state without registering as required under Section 10A-1-7.01 or without complying with Chapter 14A of Title 40 may not maintain a proceeding in this state without so registering and complying. All contracts or agreements made or entered into in this state by foreign corporations prior to registering to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity."[2]

---

[1] Sections 10A-2-15.01 and 10A-2-15.02, Ala. Code 1975, were repealed effective January 1, 2014, by Act No. 2012-304, Ala. Acts 2012.

[2] As indicated by the plain language of the statutes, former §§ 10A-2-15.01(a) and 10A-2-15.02(a) applied

4

1130659

On August 29, 2013, CAG filed a brief and argued that, under Florida law, the dissolution of a limited-liability company does not "[p]revent commencement of a proceeding by or against the limited liability company in its name." Fla. Stat. § 608.4431(2)(b). CAG also admitted that it was not registered with the State of Alabama to transact business; however, CAG argued that, under Freeman Webb Investments, Inc. v. Hale, 536 So. 2d 30 (Ala. 1988), former § 10A-2-15.02 did not preclude its action because, CAG argued, former § 10A-2-15.02 precludes only ex contractu[3] claims, not ex delicto claims[4] such as those brought by CAG against Smelley.

On September 3, 2013, Smelley responded to CAG's brief and argued that former § 10A-2-15.02 precluded CAG's claims and that Alabama law -- not Florida law -- governed whether CAG lacked capacity to sue in Alabama courts. In support of this argument, Smelley quoted Rule 17(b), Ala. R. Civ. P.,

exclusively to corporations -- not limited-liability companies such as CAG, which, as explained below, are governed by § 10A-1-7.21, Ala. Code 1975.

[3]"Ex contractu" is defined in Black's Law Dictionary 566 (6th ed. 1990) as "[f]rom or out of a contract."

[4]"Ex delicto" is defined in Black's Law Dictionary 567 (6th ed. 1990) as "[f]rom a delict, tort, fault, crime, or malfeasance."

5

which states: "The capacity of a party, including one acting in a representative capacity, to sue or be sued shall be determined by the law of this state."

On December 30, 2013, the circuit court granted Smelley's motion and dismissed the case pursuant to § 10A-1-7.21, Ala. Code 1975. The version of § 10A-1-7.21(a) then in effect provided: "A foreign entity transacting business in this state may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state."[5]

On January 8, 2014, CAG filed a motion to alter, amend, or vacate the circuit court's judgment of dismissal pursuant to Rule 59, Ala. R. Civ. P. In its motion, CAG argued that Freeman Webb stood for the proposition that its ex delicto claims were not barred by § 10A-1-7.21.[6] The

---

[5]As set forth above, in its order dismissing this case, the circuit court applied § 10A-1-7.21, Ala. Code 1975, which, effective January 1, 2011, replaced former § 10-12-52, Ala. Code 1975, which applied exclusively to limited-liability companies. See Act No. 2009-513, Ala. Acts 2009. Act No. 2012-304, Ala. Acts 2012, effective January 1, 2014, in addition to repealing former §§ 10A-2-15.01 and 10A-2-15.02, amended § 10A-1-7.21(a) to include an exception that is inapplicable to this case. See supra note 1.

[6]Freeman Webb did not involve the application of § 10A-1-7.21 or, as Smelley argued in support of the motion to dismiss, former § 10A-2-15.02(a). Rather, Freeman Webb involved the application of former § 10-2A-247(a), Ala. Code

1975, which included significantly different language:

> "(a) All contracts or agreements made or entered into in this state by foreign corporations which have not obtained a certificate of authority to transact business in this state shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity."

In 1994, § 10-2A-247, Ala. Code 1975, was repealed and replaced by § 10-2B-15.02, Ala. Code 1975. See Ala. Acts 1994, Act No. 94-245, p. 439. In 1995, the then existing version of § 10-2B-15.02 was repealed, and a new version of § 10-2B-15.02 was enacted. See Ala. Acts 1995, Act No. 95-663. The version of § 10-2B-15.02(a) enacted in 1995 essentially borrowed the language of former § 10-2A-247(a) quoted above and added a sentence to the beginning of the borrowed language. By broadening the scope of the statute, the additional sentence, emphasized below, is particularly relevant to this appeal; that version of § 10-2B-15.02(a) provided, in its entirety:

> "(a) _A foreign corporation transacting business in this state without a certificate of authority or without complying with Sections 40-14-1 to 40-14-3, inclusive, 40-14-21, or 40-14-41, may not maintain a proceeding in this state without a certificate of authority._ All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity."

7

(Emphasis added.)

Section 10-2B-15.02 was again amended in 1999. See Ala. Acts 1999, Act No. 99-665, § 3. That amendment -- replacing the reference to "Sections 40-14-1 to 40-14-3, inclusive, 40-14-21, or 40-14-41" with a reference to "Chapter 14A of Title 40" -- is not relevant to this discussion. Effective January 1, 2011, that door-closing statute was once again amended and renumbered as § 10A-2-15.02 by Ala. Acts 2009, Act No. 2009-513. Act No. 2009-513 only slightly modified the substance of the statute by changing the reference to obtaining "a certificate of authority" to "registering"; § 10A-2-15.02(a) provided:

> "(a) A foreign corporation transacting business in this state without registering as required under Section 10A-1-7.01 or without complying with Chapter 14A of Title 40 may not maintain a proceeding in this state without so registering and complying. All contracts or agreements made or entered into in this state by foreign corporations prior to registering to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement; but nothing in this section shall abrogate the equitable rule that he or she who seeks equity must do equity."

Act No. 2009-513 amended the first sentence of former § 10A-2-15.02(a) to reflect the substantive language of former § 10-12-52(a), Ala. Code 1975, which provided: "A foreign limited liability company transacting business in this state may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." However, Act No. 2009-513 also renumbered § 10-12-52 as § 10A-1-7.21 and amended it to make it applicable to all foreign entities -- not just foreign limited-liability companies.

We note that in TradeWinds Environmental Restoration, Inc. v. Brown Bros. Construction, L.L.C., 999 So. 2d 875 (Ala.

8

1130659

circuit court denied CAG's Rule 59 motion on February 6, 2014.

CAG appeals.

## Discussion

"We have set forth the standard of review that must be applied in reviewing a dismissal pursuant to Rule 12(b)(6), Ala. R. Civ. P.:

"'On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the

_____

2008), this Court relied on Freeman Webb in dismissing a foreign corporation's ex contractu claim under former § 10-2B-15.02(a), which included the additional sentence, the substance of which is present in § 10A-1-7.21. However, because an ex delicto claim was not brought in Tradewinds, this Court did not include a discussion about what effect, if any, the additional sentence in former § 10-2B-15.02(a) had on ex delicto claims.

The legislative history of § 10A-1-7.21, therefore, indicates that the language that was construed in Freeman Webb to prohibit only ex contractu -- and not ex delicto -- claims was never included in the language of the statutes that have been applicable to limited-liability companies. Accordingly, Freeman Webb's differentiation between ex contractu and ex delicto claims is not relevant to an interpretation of § 10A-1-7.21.

9

> plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'

> "Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993) (citations omitted)."

Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So. 2d 784, 791 (Ala. 2007).[7]

As set forth above, the circuit court dismissed CAG's case upon application of Alabama's door-closing statute, § 10A-1-7.21, Ala. Code 1975, which provides, in pertinent part: "A foreign entity transacting business in this state, except a corporation or other organization formed under federal law, may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." Such registration is required by § 10A-1-7.01, which provides:

> "(a) To transact business in this state, a foreign entity must register under this chapter if the entity:

---

[7]Smelley supplemented the motion to dismiss with exhibits. That submission would normally convert a motion to dismiss to a summary-judgment motion. See Rule 12(b), Ala. R. Civ. P.; Ex parte Hodge, [Ms. 1121194, February 7, 2014] ___ So. 3d ___, ___ (Ala. 2014). However, because the circuit court struck the exhibits Smelley attached to the motion to dismiss, the exhibits did not affect the nature of the motion.

"(1) is a foreign entity, the formation of which, if formed in this state, would require the filing under Article 3 of a certificate of formation; or

"(2) affords limited liability under the law of its jurisdiction of formation for any owner or member.

"(b) A foreign entity described by subsection (a) must maintain the entity's registration while transacting business in this state."

A foreign entity's failure to comply with the registration requirements of a statute such as § 10A-1-7.01 is a capacity defense, and it does not per se implicate standing or subject-matter jurisdiction. As this Court stated in Penick v. Most Worshipful Prince Hall Grand Lodge F & A M of Alabama, Inc., 46 So. 3d 416, 425-26 (Ala. 2010):

"A foreign corporation's failure to obtain authorization to do business in Alabama is a capacity defense and does not per se implicate standing and subject-matter jurisdiction. Archer Western Contractors, Ltd. v. Benise-Dowling & Assocs., Inc., 33 So. 3d 1216, 1219 n. 4 (Ala. 2009) ('[Section 10A-2-15.02(a)], Ala. Code 1975, does not preclude the courts of this state from exercising jurisdiction over actions brought by unauthorized foreign entities transacting business in Alabama for the purpose of enforcing their contracts.'); Moseley v. Commercial State Bank, 457 So. 2d 967 (Ala. 1984) (holding that a foreign corporation's lack of authorization to do business in Alabama is a capacity defense that is waived unless timely asserted by specific negative averment); cf. [State v. Property at 2018] Rainbow Drive, 740 So. 2d [1025] at 1028 [(Ala. 1999)] ('"Standing represents

11

1130659

> a jurisdictional requirement which remains open to review at all stages of the litigation."' (quoting National Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S. Ct. 798, 127 L. Ed. 2d 99 (1994))); Ex parte Smith, 438 So. 2d 766, 768 (Ala. 1983) ('Lack of subject matter jurisdiction may not be waived by the parties....'); and Mobile, Alabama-Pensacola, Florida Bldg. & Constr. Trades Council v. Williams, 346 So. 2d 964, 966 (Ala. 1977) (Faulkner, J., dissenting) ('There is a difference between capacity to sue and standing to sue.')."

See also Wausau Dev. Corp. v. Natural Gas & Oil, Inc., [Ms. 1120614, November 22, 2013] ___ So. 3d ___, ___ (Ala. 2013)(quoting Penick).

Lack of capacity is an affirmative defense. See Wausau, ___ So. 3d at ___ (quoting Rikard v. Lile, 622 So. 2d 413, 414 (Ala. Civ. App. 1993))("'The lack of capacity to sue is an affirmative defense which must be specifically pled.'"); Alabama Power Co. v. White, 377 So. 2d 930, 935 (Ala. 1979)(quoting Chemacid, S.A. v. Ferrotar Corp., 3 F.R.D. 45, 46 (S.D.N.Y. 1942), in its interpretation of Rule 9(a), Fed. R. Civ. P.)("'[L]ack of capacity is an affirmative defense.'"); see also Pretl v. Ford, 723 So. 2d 1, 3 (Ala. 1998). The Court of Civil Appeals set forth the proper method of raising an affirmative defense in Williams v. Nash, 428 So. 2d 96, 99-100 (Ala. Civ. App. 1983):

12

"Having determined that Nash has attempted to raise an affirmative defense by the materials in his motion, we look to the Alabama Rules of Civil Procedure for the proper method of pleading such a defense. The language of rule 8(c), as quoted below, provides the answer:

"'(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury to fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.' (Emphasis supplied.)

"The matters raised in Nash's motion, since they were an affirmative defense, should have been raised by his answer to Williams's complaint. Our supreme court has taken the strict view that an affirmative defense can be raised by motion only where the face of the complaint shows that the defense is a bar to the action. In those instances in which the face of the complaint fails to show that the action is barred by the affirmative defense, it may not be raised by a rule 12(b), [Ala.] R. Civ. P., motion but must be raised by an answer under rule 8(c), [Ala.] R. Civ. P. In Sims v. Lewis, 374 So. 2d 298 (Ala. 1979), the court said:

"'The courts seem now to agree that limitations and laches may indeed be raised on a 12(b)(6) motion where the face of the complaint shows that the claim is barred by the statute of limitations, and/or laches, [5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1277 (1969)]; see McGruder v. B. & L. Construction Company,

13

> > _Inc._, 293 Ala. 354, 303 So. 2d 103 (1974).
> > We hold that while the defenses of laches
> > or limitations should be presented in a
> > pleading to a preceding pleading, both may
> > be properly raised via the 12(b)(6) motion
> > where the face of the complaint shows that
> > the claim is barred.'
>
> "Wright and Miller state that the rationale for this
> rule is found in the fact that the pleadings under
> federal rules practice are designed merely to
> provide notice of the claims and defenses which will
> later be involved in the trial. It is based on the
> view that the pleading stages of litigation should
> not be turned into 'little trials.' Motions under
> rule 12(b)(6) then should not deal with matters
> which are outside the complaint. 5 C. Wright & A.
> Miller, _Federal Practice & Procedure: Civil_ § 1277
> (1969)."

As noted above, the circuit court granted Smelley's motion to dismiss without considering the exhibits attached thereto -- having struck those exhibits pursuant to CAG's motion. Accordingly, Smelley's motion was not converted to a motion for a summary judgment.[8] See supra note 7. Therefore,

---

[8]In _Ex parte Scannelly_, 74 So. 3d 432, 438 (Ala. 2011), this Court noted the distinction between a motion to dismiss filed pursuant to Rule 12(b)(6), Ala. R. Civ. P., and a motion for a summary judgment:

> "It is apparent that the portion of Toxey's
> motion relating to the affirmative defense of res
> judicata (paragraphs 6 and 7 of his 'Motion to
> Dismiss'), which portion Toxey insists constitutes
> a Rule 12(b)(6) challenge, was, instead, a motion
> for a summary judgment. There is a notable
> distinction between a motion to dismiss filed

14

the circuit court's dismissal of CAG's complaint was proper

---

pursuant to Rule 12(b)(6) and a motion for a summary judgment:

> "'The Rule 12(b)(6) motion ... must be distinguished from a motion for summary judgment under Rule 56, which goes to the merits of the claim -- indeed, to its very existence -- and is designed to test whether there is a genuine issue of material fact. The Rule 12(b)(6) motion ... only tests whether the claim has been adequately stated in the complaint. Thus, ... <u>on a motion under Rule 12(b)(6), the [trial] court's inquiry essentially is limited to the content of the complaint</u>; a motion for summary judgment, on the other hand, often involves the use of pleadings, depositions, answers to interrogatories, and affidavits.'

"5B Charles Alan Wright & Arthur C. Miller, <u>Federal Practice and Procedure</u> § 1356, at 372-75 (3d ed. 2004) (footnote omitted). <u>See also</u> <u>Lloyd Noland Found., Inc. v. HealthSouth Corp.</u>, 979 So. 2d 784, 791 (Ala. 2007) ('"Since the facts necessary to establish an affirmative defense generally must be shown by matters outside the complaint, the defense technically cannot be adjudicated on a motion under Rule 12[, Fed. R. Civ. P.]." 5 Charles Alan Wright and Arthur C. Miller, <u>Federal Practice and Procedure</u> § 1277 (3d ed. 2004).'), and 1 <u>Moore's Federal Rules Pamphlet</u> § 12.4[5][b], p. 186 (2010) ('When the plaintiff's own factual allegations affirmatively demonstrate that the plaintiff cannot recover, dismissal under Rule 12(b)(6) is appropriate.... Similarly, a dismissal under Rule 12(b)(6) may be based on an affirmative defense <u>when the defense is clear from the face of the pleadings</u>.' (emphasis added))."

15

only if CAG's alleged lack of capacity is evident from the face of CAG's complaint. We hold that it is not.

CAG's original and amended complaints do not indicate that CAG is a foreign entity or that it is not registered to transact business in Alabama pursuant to § 10A-1-7.01.[9] Accordingly, CAG's alleged lack of capacity to sue Smelley is not apparent from the face of its complaint. Therefore, the circuit's court's dismissal of the complaint pursuant to § 10A-1-7.21 is due to be reversed. Ex parte Scannelly, 74 So. 3d 432, 438 (Ala. 2011).

## Conclusion

For the reasons stated above, the circuit court's dismissal of CAG's complaint was improper. Therefore, we reverse the circuit court's judgment and remand the case for further proceedings.

REVERSED AND REMANDED.

Moore, C.J., and Stuart, Shaw, and Wise, JJ., concur.

---

[9]Under Rule 9(a), Ala. R. Civ. P., CAG is not required to aver its capacity to bring the lawsuit in its complaint.